————o————

No. 6793.

## MILTON S. CUSHMAN v. AMOS C. HARRIS.

### Syllabus.

The action of masters and instructors in the Arts and Sciences for lessons which they give by the month is

prescribed by one year; whether the claim rests on a written contract or not makes no difference. .

The action for the payment of money lent is prescribed by three years, even though the loan was made under a written agreement.

Appeal from the Civil District Court, Parish of Orleans, No. 113,663, Division "B"; Honorable Fred D. King, Judge. Affirmed.

Joseph H. Brewer, for plaintiff and appellant.

Pierson & Pierson, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a suit for the recovery of salary as teacher in a school kept by the defendant for a period extending from October 1st, 1911, to June 7th, 1912, at a salary of Ninety ($90.00) Dollars a month, in accordance with a written contract, and for the reimbursement of loans of sundry sums amounting to $9.70, the last loan having been made on May 30, 1912, subject to the following credits:

February 18, 1912 ........................... $ 21.80
June 6, 1912 ................................ 94.85
March 13, 1913 ............................. 10.00
May 7, 1913 ................................ 10.00
April 8, 1913 .............................. 10.00

$146.65

The citation was served upon the defendant in September, 1915. He pleaded the prescription of one and three years.

From a judgment against him, plaintiff has appealed.

The written agreement sued on is in the following words:

"KNOW ALL MEN BY THESE PRESENTS that we, the undersigned A. C. Harris and M. S. Cushman, do hereby bind ourselves to an agreement of the following conditions":

(1) "That said **A. C. Harris** agrees to employ in his school * * *, the said **M. S. Cushman,** who agrees to teach in the said school for **the sum of Ninety ($90.00) Dollars per month."**

Then follow other sections providing for the subjects which Mr. Cushman shall teach.

Article C. C. 3534 (3499) reads as follows:

"The following actions are prescribed by one year:

1st * * * 2nd. "That of masters and instructors in the Arts and Sciences, for lessons which they give by the month."

We have found no case in our reports in which this article has been applied. But it is contended that it has no application in a case like this, where the contract of employment is evidenced by writing, and we are referred to (*Lallande v. Ball,* 20 A., 193) in support of the proposition. All that we see in that case is that the Supreme Court decided that a claim for damages arising from a contract is not prescribed by one year. But there is no claim for damages here; the suit is for salary earned under a written contract.

In *Campbell v. Nicholson,* 3 A., 458, the plaintiff sued for board and medicines and for medical, and other attendance under the terms of a written agreement fixing the duties to be performed and the compensation to be paid. The defendant pleaded the prescription of one and three years. The plaintiffs replied that these prescriptions did not apply in cases of agreements evidenced by writing. The plea

was accompanied by a learned and exhaustive brief copied in the report. But the Supreme Court applied the prescription, saying that it made no difference "whether those claims rest or not on written contracts."

Article 3535 (3500) provides that this prescription "only ceases from the time when there has been an account acknowledged, a note or bond given, or a suit instituted."

This means an acknowledgement subsequent to the creation of the debt. 3 A., 461.

In his testimony plaintiff says:

> "At the end of the term when I handed him the report of sales and expenditures and loans; he paid me all the year's salary except Two Hundred and Nine ($209.00) Dollars, I wrote this statement in a small covered book which Mr. A. C. Harris carried in his pocket book: 'Received of Prof. A. C. Harris all of the salary for 1911-12 except $209.00.' Signed, M. S. Cushman."

Plaintiff also testifies:

> "I wrote him once or twice during the summer of 1912 while I was at Chautauqua Lake, N. Y., but never heard from him. The following September while I was in Marlin, Texas, he wrote me acknowledging the debt and promising to pay interest until he could pay up the debt from his earnings. I heard from him no further until after I wrote him in January or February of 1913, when he promised to pay me something upon the debt in March."

But he failed to produce either of those two letters, notwithstanding defendant's objection to their contents.

On the other hand defendant testifies as follows:

> "The gentleman never rendered me any account until about two weeks before I received a letter

from Mr. Brewer and I wrote him immediately the next day that I owed him no such amount at all."

Q. Did you ever see any itemized bill like the one annexed to plaintiff's petition prior to September, 1915?

A. No, sir.

Q. Did you ever assent or agree to the balance established by this bill or any one like it?

A. No, never did.

We consider this testimony destructive of plaintiff's testimony.

The action for teachers' salary was therefore prescribed by one year at the time this suit was filed. 31 A., 703.

The claim for $9.70, money loaned, is prescribed by three years. Article C. C. 3538 (3506), provides that all actions "for the payment of money lent" are prescribed by three years.

> "A written agreement for a loan of money, entered into before the loan was actually made, would not, as the plaintiff's counsel supposes, arrest the prescription of three years."

(3 A., 461.) This prescription was not interrupted by the three payments made in March, April and May, 1913. It is evident that these payments were not made on account of the money loaned. If they were, then the claim has long since been paid.

The prescription of three years therefore applies to this claim.

The judgment of the lower Court is therefore affirmed.

Opinion and decree, December 18, 1916.